**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GURPREET SINGH (A-No. 072-678-097),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF GOLDEN STATE ANNEX FACILITY, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-01775 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING RESPONDENTS' MOTION TO DISMISS; ORDERING PETITIONER'S IMMEDIATE RELEASE; AND DIRECTING CLERK OF THE COURT TO CLOSE CASE<br><br>(Docs. 1, 7, 9) |

Gurpreet Singh is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was referred to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 4.) On April 7, 2026, the Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 9.) The Court served the Findings and Recommendations on all parties and notified them that objections were due within seven days. (*Id*. at 13.) The Court advised them that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*. at 13–14 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On April 13, 2026, Respondents filed objections to the Findings and Recommendations. (Doc. 10.) Petitioner did not file a reply and the deadline to do so has passed. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the

Findings and Recommendations are supported by the record and proper analysis.

In their objections, Respondents argue that the government properly revoked Petitioner's order of supervision because it determined that there is now a significant likelihood of Petitioner's removal to India. (Doc. 10 at 1.) Specifically, Respondents indicate that the "Indian consulate is in the process of reviewing Petitioner's travel documents." (*Id*.) In their answer to the habeas petition, Respondents indicate that on February 27, 2026, ICE sent the Republic of India Ministry of External Affairs a copy of Petitioner's Indian birth certificate in a renewed application for travel documents. (Doc. 8-1 at 4; Doc. 8-2 at 46–51.) Given this renewed request, the Court required Respondents submit a supplemental declaration with an update on the status of such efforts and any additional information bearing on the likelihood of Petitioner's removal. (*See* Doc. 11 at 2.) On May 18, 2026, Respondents submitted a supplemental declaration by a deportation officer indicating that the "request for a travel document remains pending" and that as of last week, "ERO conducted a nationality interview with petitioner in coordination with Indian officials to obtain additional information to substantiate his citizenship status." (Doc. 14-1 at 2.) "This additional information was submitted to the Indian authorities, and ERO is currently awaiting a response regarding next steps in this matter." (*Id*.)

As the Findings and Recommendations correctly notes, Respondents have failed to show that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future as required under 8 C.F.R. § 241.13(i)(2), the applicable regulation in this case.[1] (*See* Doc. 9 at 8–11.) Time and again, this Court has found that where the government releases a noncitizen subject to a final order of removal from ICE custody on an order of supervision but subsequently re-detains them years later to effectuate their removal, the government bears the burden of showing that removal is now significantly likely to occur. *See e.g.*, *Yan-Ling X. v. Lyons*, *et al.*, 813 F.Supp.3d

---

[1] The Notice of Revocation of Release states that the decision to re-detain the Petitioner is based "*on account of changed circumstances*" and because "ICE has determined that there is a *significant likelihood of removal in the reasonably foreseeable future*." (Doc. 8-2 at 31 (emphasis added).) Such language corresponds with 8 C.F.R. § 241.13(i)(2) which states, "The Service may revoke an alien's release under this section and return the alien to custody if, *on account of changed circumstances*, the Service determines that there is a *significant likelihood that the alien may be removed in the reasonably foreseeable future*." *Id*. (emphasis added). Respondents do not argue, nor does the notice indicate, that Petitioner's re-detention is due to a violation of a condition of release. (*See id*.; *see also* Doc. 8 at 4–6.) As such, 8 C.F.R. § 241.13(i)(1) and § 241.4(l)(1) are not at issue.

1157, 1162–66 (E.D. Cal. 2025); *Huang v. Albarran, et al.*, 818 F.Supp.3d 1154, 1162–65 (E.D. Cal. 2026). Respondents failed to meet their burden in this case. As of May 18, 2026, Respondents are still waiting for travel documents, (Doc. 14), which is more than eight months since Petitioner was re-detained on September 3, 2025. (*See* Doc. 8 at 3.) "An undue delay in removal for an individual alien beyond the typical removal period would naturally suggest that removal is unlikely." *Yan-Ling X.*, 813 F.Supp.3d at 1165 (citations and quotations omitted).

Accordingly, the Court **ORDERS**:

1.  The Findings and Recommendations (Doc. 9) issued on April 7, 2026, are **ADOPTED IN FULL**.

2.  The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3.  Respondents' motion to dismiss[2] (Doc. 7) is **DENIED**.

4.  Respondents are **ORDERED** to release Petitioner immediately under the conditions of his most recent order of supervision.

5.  Respondents are **ENJOINED** from re-detaining Petitioner absent compliance with applicable due process including 8 C.F.R. §§ 241.4 and 241.13, and any other applicable statutory and regulatory procedures.

6.  The Clerk of the Court is **DIRECTED** to serve a copy of this order at the Golden State Annex Detention Facility.

///

///

///

---

[2] Respondents move to dismiss all unlawfully named officials. (Doc. 7.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* held that "Padilla set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named his immediate custodian as a Respondent, the Court **DENIES** Respondents' motion to dismiss. (*See also* Doc. 9 at 12–13.)

7. The Clerk of the Court is **DIRECTED** to enter judgement for Petitioner and **CLOSE** this case.

IT IS SO ORDERED.

Dated:   **May 19, 2026**

UNITED STATES DISTRICT JUDGE